**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**EUNICE FULTON,**

       **Plaintiff,**      **1:05-CV-1622
                    (GLS/DRH)**

    v.

**GLENN S. GOORD, and
THERESA K. DAVID,**

       **Defendants.**
_____

**APPEARANCES:**    **OF COUNSEL:**

**FOR THE PLAINTIFF:**

EUNICE FULTON
Plaintiff, *Pro Se*
420 West 19th Street #10C
New York, New York 10011

**FOR THE DEFENDANTS:**

HON. ELIOT J. SPITZER    KELLY L. MUNKWITZ
New York Attorney General   Assistant Attorney General
The Capitol
Albany, New York 12224

**Gary L. Sharpe
U.S. District Judge**

# **DECISION AND ORDER**

## **I. Introduction**

Plaintiff *pro se* Eunice Fulton alleges unlawful discrimination based on the defendants' failure to accommodate her disability under Title II of the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act.[1]  Pending is defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Dkt. No. 13.* The defendants claim that Fulton lacks standing and that her ADA claim lacks merit. For the reasons that follow, the motion is granted.

## **II. Procedural History**

On December 29, 2005, Fulton filed a complaint pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12132, and Section 504 of the Rehabilitation Act, 29 U.S.C. 794(a). *See Compl., Dkt. No. 1.* On May 31, 2006, defendants filed their motion to dismiss, and a response followed.

---

[1] The Second Circuit has held that "[a]lthough there are subtle differences between these disability acts, the standards adopted by Title II of the ADA for State and local government services are generally the same as those required under section 504 of federally assisted programs and activities." *Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003). Courts have routinely considered the two statutes in tandem. *See id.* (citing *Weixel v. Bd. of Educ.*, 287 F.3d 138, 146 n.6 (2d Cir. 2002); *Rodriguez v. City of New York,* 197 F.3d 611, 618 (2d Cir. 1999)). Accordingly, this court will treat Fulton's claims under these statutes identically.

2

*See Dkt. Nos. 13, 20.*

### III. **Facts**

Fulton, a resident of New York City, claims that she cannot travel long distances because she is impaired by Multiple Sclerosis (MS) and confined to a wheelchair. *See Compl., p. 2; Dkt. No. 1.* Fulton's husband, Theodore Fulton, is an inmate located at Altona Correctional Facility, a medium security prison in upstate New York. *See id. at p. 3.* Altona is approximately 300 miles from the New York Metropolitan Area. Fulton's disability makes it impossible for her to visit her husband. *See id. at p. 4.*

In June 2005, Mr. Fulton met with a correctional counselor to request a transfer to downstate based on his wife's disability. *See id. at p. 5.* In July, Mr. Fulton met with another correctional counselor to request transfer and was informed that Department of Correctional Services (DOCS) policy required that a prisoner remain at his assigned location for two years before becoming eligible to transfer. *See id.* In October, Fulton wrote to defendant Goord to inform him of her disability and request that a reasonable accommodation be made in the form of a transfer. *See id. at p. 6.* Also in October, Mr. and Mrs. Fulton both wrote to defendant David, DOCS Director of Classification and Movement, to request transfer a third

time. *See id. at p. 7.* Soon after, Fulton's request was denied and she was informed that her husband would be eligible for transfer in two years, pursuant to DOCS policy. *See id.*

## IV. Discussion

### A. Motion to Dismiss Standard

Rule 12(b)(6) provides that a cause of action shall be dismissed if a complaint fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In other words, the court should dismiss the complaint pursuant to Rule 12(b)(6) if "it appears beyond doubt that the plaintiff can prove no set of facts in support of the complaint which would entitle him to relief." *Twombly v. Bell Atl. Corp.*, 425 F.3d 99, 106 (2d Cir. 2005) (internal quotation marks and citation omitted). "A court's task in ruling on a Rule 12(b)(6) motion is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *AmBase Corp. v. City Investing Co. Liquidating Trust*, 326 F.3d 63, 72 (2d Cir. 2003) (internal quotation marks and citation omitted). Therefore, in reviewing a motion to dismiss, a court "must accept the facts alleged in the complaint as true and construe all reasonable inferences in [the plaintiff's] favor." *Fowlkes v. Adamec*, 432 F.3d 90, 95 (2d Cir. 2005)

4

(citation omitted).

**B.     Standing**

Defendants contend that Fulton lacks standing.  In response, Fulton argues that she has a protected right to participate in the prison's visitation program and that defendants' refusal to accommodate her disability is an injury in fact.  The doctrine of standing imposes both constitutional and prudential restrictions on the court's jurisdiction.  In explaining the concept of standing, the Second Circuit defines the central issue as "whether the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant...invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers[.]..."  *U.S. v. Vazquez,* 145 F.3d 74, 81 (2d Cir. 1998) (internal quotation marks and citation omitted).  A plaintiff's standing must be resolved "irrespective of the merits of [the] substantive claims [alleged]."  *Bordell v. Gen. Elec. Co.*, 922 F.2d 1057, 1060 (2d Cir. 1991).

"Article III of the United States Constitution confines federal courts to adjudicating actual 'cases' and 'controversies.'"  *Allen v. Wright*, 468 U.S. 737, 750 (1984).  Plaintiffs must "satisfy three elements to come within the judicial power of the federal courts."  *L.A.M. Recovery, Inc. v. Dep't of*

*Consumer Affairs*, 377 F. Supp. 2d 429, 437 (S.D.N.Y. 2005).  "First, the plaintiff must have suffered an 'injury in fact' - an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Id.* (internal quotation marks and citation omitted).  "Second, the injury and the 'conduct complained of' must be causally related; that is, the injury has to be 'fairly...trace[able] to the challenged action of the defendant, and not...the result [of] the independent action of some third party not before the court." *Id.*, *see also Denney v. Deutsche Bank Sec., Inc.*, 443 F.3d 253, 263 (2d Cir. 2006) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).  Finally, "the injury must be redressable." *Id.*

Here, Fulton has failed to articulate an injury in fact.  While courts have held that inmates have a protected liberty interest in receiving visitors, this right does not extend to their spouses.  *See Kozlowski v. Coughlin*, 539 F. Supp. 852, 856 (S.D.N.Y. 1982).  Therefore, Fulton's inability to take advantage of a DOCS visitation program does not constitute a redressable injury for purposes of invoking the court's jurisdiction.  Accordingly, Fulton lacks standing and the defendants' motion to dismissed is granted.

**C.     Reasonable Accommodation**

6

In the alternative, the defendants argue that Fulton's claim lacks merit under the ADA and Section 504 of the Rehabilitation Act. Fulton maintains: (1) that she has been unlawfully denied access to the visitation program due to her disability; and (2) that the defendants have failed to accommodate her disability. The ADA provides, in relevant part:

> [N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132. Similarly the Rehabilitation Act provides:

> [N]o otherwise qualified individual with a disability...shall, solely by reason of...her disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance[.]...

29 U.S.C. § 794(a). For a plaintiff to establish a *prima facie* violation under these Acts, she must demonstrate: (1) that she is a "qualified individual" with a disability; (2) that the defendants are subject to the Acts; and (3) that she was "denied the opportunity to participate in or benefit from the defendants' services, programs, or activities, or otherwise discriminated against by defendants because of her disability. *See Henrietta*, 331 F.3d at 272*.*

7

Here, Fulton can allege no set of facts to establish that she is a qualified individual under the Act. The visitation program applies to DOCS inmates, not members of the public or spouses. Moreover, even if Fulton could establish that she was a qualified individual, there are no facts alleged to suggest that the defendants' transfer policy is discriminatorily based on her disability. Thus, DOCS maintains broad discretion over transfer decisions. *See McKune v. Lile*, 536 U.S. 24, 39-40 (2002). Moreover, "[t]he Constitution accords prison officials wide latitude to bestow or revoke [limitations] as they see fit." *McKune*, 536 U.S. at 39. "By virtue of their convictions, inmates must expect significant restrictions, inherent in prison life, on rights and privileges free citizens take for granted." *Id. at 40*; *see also Meachum v. Fano*, 427 U.S. 215, 228-229 (1976) (holding that the State had retained the discretion to transfer prisoners for whatever reason or for no reason at all). Accordingly, defendants' motion to dismiss is granted.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the defendants' motion to dismiss (**Dkt. No. 13**) is **GRANTED** and the complaint **DISMISSED IN ITS ENTIRETY**, and it is further

**ORDERED** that the Clerk of the Court provide copies of this Order to the parties.

**IT IS SO ORDERED.**

October 2, 2006
Albany, New York

_____
United States District Court Judge